UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

IN RE: PETER PAUL MITRANO,

          Debtor.

                            Bankruptcy No. 10-20476

PETER PAUL MITRANO,

          Appellant,

vs.                         Civil Action No. 2:11-0455

HELEN M. MORRIS, Trustee,

          Appellee.


<u>MEMORANDUM OPINION AND ORDER</u>

Pending is debtor Peter Paul Mitrano's motion for reconsideration of the May 23, 2012, memorandum opinion and order dismissing his appeal from the bankruptcy court.

First, Mr. Mitrano asserts that his due process rights were violated inasmuch as he was unaware that the trustee sought transfer of this case pursuant to 28 U.S.C. § 1412.  As noted by the court at pages 3-4 of the May 23, 2012, memorandum opinion and order, the trustee specifically mentioned section 1412 in her objection to venue below.  The assertion is thus not meritorious.

Second, Mr. Mitrano asserts that there was insufficient evidence supporting the transfer decision.  That is not the case.  The objective proof supporting the transfer decision,

namely, <u>inter alia</u>, the location of the assets in the case, debtor's residence, and the economical and efficient administration of the case, all pointed to the transferee district. The assertion is thus not meritorious.

Third, Mr. Mitrano contends that "this Court waived the position that this appeal should have been treated as an interlocutory appeal that this Court would entertain, when this Court, in fact, entertained this appeal." (Mot. at 3). The meaning of this challenge is unclear. As noted at page 16 of the May 23, 2012, memorandum opinion and order, the appeal was dismissed pursuant to 28 U.S.C. § 158(a)(1) inasmuch as the venue transfer order was interlocutory in nature and hence unappealable. The court additionally noted, in the alternative, that the venue transfer decision would survive appellate scrutiny in the event that appellate jurisdiction was later deemed to exist. The assertion is thus not meritorious.

Based upon the foregoing discussion, Mr. Mitrano has presented no ground justifying reconsideration of the May 23, 2012, memorandum opinion and order. It is, accordingly, ORDERED that the motion to reconsider be, and it hereby is, denied.

The Clerk is directed to forward copies of this written opinion and order to the Clerk of the Bankruptcy Court, counsel of record, and any unrepresented parties.

ENTER: July 13, 2012

John T. Copenhaver, Jr.
United States District Judge

2